Roy C. Moon, J.
An indictment was returned by the Grand Jury summoned in connection with the 1958 May Term of Supreme Court held in and for the County of Greene against the defendant charging her with perjury in the first degree, in two counts. The indictment ivas transferred to County Court for arraignment and for all further proceedings. On the 28th of May, 1958, a demurrer was filed to the indictment alleging that the facts stated in the indictment do not constitute a crime and that the indictment contained matter which, if true, would constitute a legal justification or excuse for the facts charged and would be a legal bar to the prosecution. The indictment was based on the verification by the defendant to an answer to a complaint in an action brought by the plaintiff for an annulment.
The People contended that the defendant committed perjury in verifying the answer in regard to the allegations contained in paragraph fourth of the complaint and contended that the defendant denied that she had meretricious relations with one Theron 0. Freeman and lived in adulterous intercourse with him and denied that she was convicted of public intoxication and that she was not a woman of chaste, virtuous and temperate habits and did not have a good character, record and reputation.
All of these charges were made in paragraph number ‘ ‘ four ’ ’ of the complaint in the action for the annulment, along *124 with certain other charges. In fact, paragraph fourth of the complaint in the action for annulment contains several other allegations. The defendant here, entered a general denial of paragraph fourth. There is nothing in the indictment to indicate that her denial of the various other allegations of paragraph fourth was not, in fact, true. If, in fact, all of the allegations of paragraph fourth of the complaint were not true, the defendant here, would be justified in entering a verified denial to the whole paragraph fourth of the complaint.
The indictment, on its face, does not show that other facts were pleaded in paragraph fourth of the complaint in the action for annulment.
A defendant is justified in denying a paragraph in the complaint if one or more elements contained in the paragraph are false. There is nothing in this indictment to show that all of the elements in paragraph fourth of the complaint were, in fact, false and, therefore, the indictment charging the defendant with perjury based upon the fact that some of the elements in paragraph fourth of the complaint were true will not lie. (Buscelle v. Conde Nast Pubs., 173 Misc. 674.)
The demurrer is hereby granted and an order may be submitted dismissing the indictment.